## Cohn v. Nixon-Nirdlinger et al.

*Equity — Injunction — Theatrical exhibition — Parties—Action by public authorities.*

1. A private individual, suing only as a citizen of the United States and a resident of the city, cannot maintain an action to restrain the performance of an alleged improper play.

2. For such a wrong, redress must be sought by the proper public officials.

Bill in equity for an injunction. C. P. No. 2, Phila. Co., June T., 1927, No. 20551.

*Wessel, Bennett & Weiss*, for plaintiff.

*Morris Wolf* and *F. B. Bracken*, for defendants.

*Edwin M. Abbott*, for City.

GORDON, JR., J., Sept. 6, 1927.—This is a bill in equity brought by Bernard R. Cohn against a number of defendants, who are the owners and lessees of the Garrick Theatre, the theatrical producers and the actors, all concerned in the play, entitled "Revelry," now being produced at said theatre.

The bill prays for an injunction to restrain the production of the play, alleging that the performance is a false representation of supposed conditions existing in a former administration of the National Government, that it is immoral, seditious and tends to bring into disrepute and contempt the "high and exalted" office of President of the United States of America and other governmental officers and agencies. The case appears upon the list for a hearing on preliminary injunction. Certain of the defendants have filed demurrers to the bill, and the hearing was had, for convenience, upon both the demurrers and the application for preliminary injunction.

The plaintiff brings the suit only in his capacity as citizen of the United States and resident of the City of Philadelphia. For such a wrong as that complained of here, redress must be sought by the proper public officials, who alone can use the name of the people and sue in their collective behalf. A private citizen is but one of the mass and can only act for himself.

If the official representatives of the community do not see proper to move in circumstances such as those here presented, no one else can assume their responsibility. It must be presumed that they have adopted their policy of non-action after full consideration and for the best of reasons. They may consider that, false and base and indecent and slanderous of the dead as the theatrical exhibition complained of is, yet action against it by the public authorities would give it wider notoriety and a specious importance that

would serve to augment its commercial value to its money-seeking producers. If the public authorities withhold action for such reasons, who can question their wisdom?

The preliminary injunction is, therefore, refused. The demurrers are sustained, and the bill is dismissed.